Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5866 | **DATE** | 9/15/2004 |
| **CASE TITLE** | Stephen M. Lee vs. RCN Corporation et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 11/3/04 at 10:30 a.m. Defendant Robert Curry's motion to stay proceedings is denied; the case is stayed however until 10/15/04 to permit defendant to petition the bankruptcy court for relief. If no petition is filed by 10/15/04, the stay will be lifted with discovery to proceed. ENTER MEMORANDUM OPINION.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | JXM | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 SEP 16 PM 3:51 | 9/15/2004 date mailed notice | |
| AMM courtroom deputy's initials | | Date/time received in central Clerk's Office | AMM6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

STEPHEN LEE,                        )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   No. 03 C 5866
                                    )
RCN CORPORATION and ROBERT CURREY,  )
                                    )
       Defendants.                  )

DOCKETED SEP 20 2004

## MEMORANDUM OPINION

Before the court is defendant Currey's motion to stay proceedings. For the reasons that follow, the motion is denied.

## DISCUSSION

Lee filed this action against RCN and Robert Currey alleging that he was unlawfully deprived of stock at the time of a merger between RCN and other related entities. Currey was an officer of one of these related entities at the time of the merger, and became an officer of RCN after the merger.

On May 27, 2004, RCN filed a voluntary petition for Chapter 11 bankruptcy protection in the Bankruptcy Court for the Southern District of New York. On August 11, 2004, Currey filed the instant motion to stay the proceedings arguing that the automatic stay applicable to RCN pursuant to 11 U.S.C. § 362 should be extended to him as well.

The purpose of the automatic stay is to "protect the debtor



from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of the other creditors. . . ." Fox Valley Constr. Workers v. Pride of the Fox Masonry & Expert Restorations, 140 F.3d 661, 666 (7th Cir. 1998) (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 998 (4th Cir. 1986)). It is clear from a plain reading of § 362(a) that the automatic stay applies only to Chapter 11 debtors. 11 U.S.C. § 362(a)(1); see also Fox Valley, 140 F.3d at 666; Pitts v. Unarco Indus., Inc., 698 F.2d 313, 314 (7th Cir.), cert. denied, 464 U.S. 1003 (1983). Adopting a literal reading of § 362(a) comports with the overall purpose of the statute – the section was intended to protect the assets of the debtor for the benefit of creditors, and was "not designed to afford collateral benefits to non-debtor parties involved in litigation with the debtor as party defendants or as co-defendants. The debtor is not stayed from pursuing claims in its favor and *plaintiffs are free to pursue the debtor's codefendants.*" In re. Koop, 2002 WL 1046700, at *3 (Bankr. N.D. Ill. May 23, 2002) (emphasis added).

In certain *unusual* circumstances, however, an automatic stay under § 362 may be extended to nondebtor co-defendants. See In re. Fernstrom Storage & Van Co., 938 F.2d 731, 736 (7th Cir. 1991). The first exception, known as the "identity of interest" exception, applies when "there is such identity between the debtor and the

third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id. (quoting A.H. Robins, 788 F.2d at 999). The second exception operates when "the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan irreparable harm." Id. (citations and internal quotations omitted).

Currey focuses his attention on the "identity of interest" exception. Currey submits that RCN is obligated under its Articles of Incorporation to indemnify him *and* that RCN in fact has been paying for his defense in the present action. These facts, which appear uncontroverted, make out a colorable claim for extension of the stay under the "identity of interest" exception. See In re. Kmart Corp., 285 B.R. 679, 688 (Bankr. N.D. Ill. 2002). Simply, a judgment against Currey may in effect constitute a judgment against RCN. But Currey has another problem. The weight of authority holds that a request to extend a § 362 stay is to be filed in the court where the bankruptcy action is pending, and further, that the request is to be filed by the debtor. See, e.g., In re. Richard B. Vance & Co., 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003); In re. Lennington, 286 B.R. 672, 674 (Bankr. C.D. Ill. 2001); C.H. Robinson Co. v. Paris & Sons, Inc., 180 F.Supp.2d 1002, 1015 (N.D. Iowa 2001). This makes sense. The bankruptcy court is in the best

-4-

position to evaluate the effect on the bankruptcy estate, if any, of litigation against a nondebtor co-defendant. And the request should be filed by the debtor because it is the debtor's interests, not those of the nondebtor co-defendants, that are intended to be protected by an extension of the stay.

Accordingly, Currey's motion for a stay of the proceedings is denied.

DATE:   September 15, 2004

ENTER:  _____
        John F. Grady, United States District Judge